J. COLBY WILLIAMS (5549)
jcw@cwlawlv.com
PHILIP R. ERWIN (11563)
pre@cwlawlv.com
CAMPBELL & WILLIAMS
710 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

DAVID MARROSO (CA Bar No. 211655)*
dmarroso@omm.com
ESTEBAN RODRIGUEZ (CA Bar No. 268789)*
esrodriguez@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Eighth Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

\*  *pro hac vice applications forthcoming*
   *Counsel will comply with LR IA 11-2 within 14 days*

*Attorneys for Defendants*
*Liberty Media Corporation and*
*Las Vegas Grand Prix, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARVIN CUTCHINS, individually; RAY CHARLES, JR., individually,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MEDIA CORPORATION d/b/a FORMULA ONE HEINKEN SILVER LAS VEGAS GRAND PRIX, a foreign corporation; TAB CONTRACTORS, INC., a domestic corporation; LAS VEGAS GRAND PRIX, INC., a corporation; DOE INDIVIDUALS 1-20, inclusive; and ROE CORPORATIONS 1-20, inclusive,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL** |

**TO THE CLERK IN THE ABOVE-ENTITLED COURT**:

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453 Defendants Liberty Media Corporation ("Liberty"), a Delaware corporation, and Las Vegas Grand Prix, Inc. ("LVGP"), a Delaware corporation, hereby remove the above-entitled putative class action lawsuit from Department IX of the Eighth Judicial District Court in and for Clark County, Nevada to the United States District Court for the District of Nevada. This Court has original subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because minimum diversity exists and the amount in controversy exceeds $5 million.

In support of this removal, Liberty and LVGP state the following:

## I. PLEADINGS, PROCESS, AND ORDER

1. On December 27, 2023, Plaintiffs filed an unverified complaint in the Eighth Judicial District Court, in and for Clark County, Nevada, entitled *Marvin Cutchins, individually; Ray Charles, Jr., individually, Plaintiffs* against *Liberty Media Corporation d/b/a Formula One Heineken Silver Las Vegas Grand Prix, a foreign corporation; Tab Contractors, Inc., a domestic corporation; Las Vegas Grand Prix, Inc., a corporation; Doe Individuals 1-20, inclusive; and Roe Corporations 1-20, inclusive, Defendants*, Case No. A-23-884206-C (the "Complaint").

2. The Complaint arises from events surrounding the Las Vegas Grand Prix, a Formula One race held in Las Vegas, Nevada on November 16-18, 2023. Plaintiffs' allegations focus on the Thursday night Practice 1 session, which commenced but was interrupted and not continued while race organizers addressed a safety issue.

3. Liberty and LVGP were served with a copy of the Summons and Complaint on December 29, 2023. Plaintiffs' Complaint and the Summons to Liberty and LVGP are attached hereto respectively as Exhibits A and B.

4. The Complaint alleges seven causes of action: (1) breach of contract; (2) negligence; (3) negligent hiring, training and supervision; (4) violation of Nevada's Deceptive Trade Practice Act ("NDTPA"); (5) intentional misrepresentation; (6) negligent misrepresentation; and (7) conversion. *See* Compl. ¶¶ 24-71. All claims are asserted against Liberty. *See id*. The second, third, and fourth claims are asserted against all defendants. *See id.* ¶¶ 31-48.

5. Exhibits A and B constitute all the pleadings, process, and orders served upon or by Liberty and LVGP in the State District Court case. Aggregate Exhibit C constitutes all other papers filed in the State District Court to date.

## II. REMOVAL IS TIMELY

6. This Notice of Removal is filed timely, pursuant to 28 U.S.C. § 1466(b), because it is being filed within thirty (30) days after Liberty and LVGP were served with process on December 29, 2023. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

### III. THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

7. This lawsuit is a civil action within the meaning of the Acts of Congress regarding removal of class actions. *See* 28 U.S.C. § 1453.

8. This action is brought by putative representative persons on behalf of a proposed class of approximately thirty-five thousand (35,000) individuals. Compl. ¶ 11. Plaintiffs' alleged class action was brought "pursuant to Nevada Rules of Civil Procedure Rule 23." *Id.* ¶¶ 20, 23. Thus, this matter is a purported "class action" as that term is defined pursuant to CAFA. *See* 28 U.S.C. § 1332(D)(1)(B).

9. Plaintiffs' class action lawsuit could have been filed in this Court under CAFA because (i) diversity of citizenship exists between at least one member of the putative class and at least one defendant, (ii) the proposed class includes over 100 members, and (iii) the amount in controversy exceeds, in the aggregate, $5,000,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(2). Removal is therefore proper pursuant to 28 U.S.C. §§ 1446 and 1453.

#### A. Minimal Diversity of Citizenship Exists

10. To satisfy CAFA's diversity requirement, the removing party need only show that minimal diversity exists. That means at least one putative class member must be a citizen of a state different from that of a defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in § 1332(d)(2)). Here, both named Plaintiffs are citizens of states different from those of all Defendants. As explained below, each named Plaintiff is a citizen of California whereas Liberty is a citizen of Delaware and Colorado, LVGP is a citizen of Delaware and Nevada, and Tab Contractors, Inc. ("Tab") is alleged to be a Nevada citizen. Thus, CAFA's minimal diversity requirement is easily satisfied.

##### i. Plaintiffs and Members of the Putative Class Are Citizens of Multiple States

11. "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853,

857 (9th Cir. 2001)). For purposes of diversity citizenship jurisdiction, citizenship is determined by the individual's domicile at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Both named Plaintiffs allege they were and remain residents of Los Angeles County, California. Compl. ¶¶ 1-2. Plaintiffs are therefore domiciled in California. *See Gilbert v. David*, 235 U.S. 561, 569 (1915) (holding that a person is a citizen of the state in which they have their domicile—a permanent home where they intend to remain or intend to return); *see also Kanter*, 265 F.3d at 857 (same).

12. Plaintiffs' proposed class undoubtedly includes additional putative class members who are citizens of states other than Delaware, Colorado or Nevada. Indeed, Plaintiffs seek to represent a class "of *all* invitees and attendees of the 'Practice Run' [] who were not refunded their ticket prices and suffered additional damages." Compl. ¶ 20 (emphasis added). Because the putative class is alleged to consist of *all* such individuals, and fans from across the country and world purchased tickets and attended the Practice 1 session, Liberty and LVGP submit that many putative class members are diverse from Defendants and reserve the right to make that showing if it becomes necessary to do so. *See* Declaration of Craig Troyer ¶ 4 ("Troyer Decl.").

        **ii.**      **Liberty Is Not A California Citizen**

13. For diversity purposes, a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

14. Liberty is now, and at the time this action was filed on December 27, 2023, organized and existing under the laws of the State of Delaware. Troyer Decl. ¶ 2. At all times relevant to this lawsuit, Liberty has maintained its headquarters and principal place of business in Englewood, Colorado. *Id*. The Colorado headquarters are, and at all times relevant have been, the place where the majority of Liberty's corporate books and records are located and where the majority of its executive and administrative functions are performed (including but not limited to operations, corporate finance, accounting, human resources, payroll, marketing, legal and information systems). *Id*.

15. In addition, Liberty's corporate activities are, and at all times relevant have been, directed, controlled, and coordinated from Colorado. *Id*. ¶ 3; *see generally, Hertz v. Friend*, 559 U.S. 77, 92-93

(2010) (the "principal place of business" for the purposes of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings"); *Ramirez v. Carefusion Res., LLC*, No. 18-CV-2852-BEN-MSB, 2019 WL 2897902, at *2 (S.D. Cal. July 5, 2019) ("[T]he Court finds that for purposes of CAFA, Defendant is 'a citizen of the state where it has its principal place of business and the state under whose laws it is organized.'").

16. At all relevant times, Liberty has neither been incorporated nor had its headquarters, executive offices, or officers based in California. Troyer Decl. ¶ 3. Liberty is not now, and was not at the time of filing the Complaint, a California citizen within the meaning of the Acts of Congress relating to the removal requirements. Liberty is, and has been since this action commenced, a citizen of Delaware and Colorado. *See* 28 U.S.C. § 1332(c)(1). Liberty therefore is diverse from all named Plaintiffs.

### iii. LVGP Is Not A California Citizen

17. LVGP is now, and at the time this action was filed on December 27, 2023, organized and existing under the laws of the State of Delaware. Troyer Decl. ¶ 4. At all times relevant to this lawsuit, LVGP has maintained its headquarters and principal place of business in Clark County, Nevada. *Id*. The Nevada headquarters are, and at all times relevant have been, the place where the majority of LVGP's corporate books and records are located and where the majority of its executive and administrative functions are performed (including but not limited to operations, corporate finance, accounting, human resources, payroll, marketing, legal and information systems). *Id*.

18. In addition, LVGP's corporate activities are, and at all times relevant have been, directed, controlled, and coordinated from Nevada. *Id*. ¶ 5; *see generally Hertz*, 559 U.S. at 92-93; *Ramirez*, 2019 WL 2897902, at *2.

19. At all relevant times, LVGP has neither been incorporated nor maintained its headquarters, executive offices, or officers based in California. Troyer Decl. ¶ 5. LVGP is not now, and was not at the

time of filing the Complaint, a California citizen within the meaning of the Acts of Congress relating to the removal requirements. LVGP is, and has been since this action commenced, a citizen of Delaware and Nevada. *See* 28 U.S.C. § 1332(c)(1). LVGP therefore is diverse from all named Plaintiffs.

### iv. Tab Is Not A California Citizen

20. Tab is now, and at the time the Complaint was filed on December 27, 2023, organized and existing under the laws of the State of Nevada. *See* Exhibit D, Nevada Secretary of State Entity Information Sheet;[1] *see also* Compl. ¶ 4 (alleging Tab "is, and at all times mentioned herein, a domestic Nevada business entity, duly licensed and doing business in the State of Nevada.").[2]

21. Upon information and belief, Tab's corporate activities are, and at all times relevant have been, directed, controlled, and coordinated from Nevada. *See generally Hertz*, 559 U.S. at 92-93; *Ramirez*, 2019 WL 2897902, at *2.

22. Upon information and belief, at all relevant times, Tab has neither been incorporated nor had its headquarters, executive offices, or officers based in California. Ex. D (reflecting Tab was formed in Nevada in 1984). Tab is not now, and was not at the time of filing the Complaint, a citizen of the State of California within the meaning of the Acts of Congress relating to the removal requirements. Tab is, and has been since this action commenced, a citizen of Nevada. *See* 28 U.S.C. § 1332(c)(1). Tab therefore is diverse from all named Plaintiffs.

### B. The Proposed Class Size Exceeds CAFA's Requirement

23. CAFA's requirement that proposed class membership be no less than 100 individuals under 28 U.S.C. § 1332(d)(5) is satisfied here because the putative class has more than 100 members. *See* Compl. ¶ 11 ("over 35,000 invitees purchased tickets from F1 to appear and attend the [Practice 1 session]").

---

[1] The Court can take judicial notice of records from the Nevada Secretary of State. *See Wagenaar v. Robison*, No. 2:13-CV-01202-APG, 2014 WL 4206703, at *1 n.5 (D. Nev. Aug. 22, 2014).

[2] "Allegations in a complaint are considered judicial admissions." *Arik v. Meyers*, 2020 WL 515843, at *2 (D. Nev. Jan. 31, 2020) (quoting *Hakopian v. Mukasey*, 551 F.3d 843, 846 (9th Cir. 2008)).

24. Furthermore, Plaintiffs seek to represent a class "of all invitees and attendees of the [Practice 1 session]" who were allegedly "not refunded their ticket prices and suffered additional damages such as accommodations, lodging, and travel to attend" the Practice 1 session. Compl ¶ 20. Liberty and LVGP, for purposes of removal only, accept that the proposed class size exceeds 100 members.

### C.  **The Amount in Controversy is Satisfied**

25. Although Liberty and LVGP deny Plaintiffs' claims have any merit and dispute that Plaintiffs and putative class members are entitled to any relief, Liberty and LVGP aver, for the purposes of meeting the jurisdictional requirements for removal only, that Plaintiffs' allegations put in controversy an amount exceeding $5 million, exclusive of interest and costs. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010) ("In determining the amount [in controversy], we first look to the complaint.").

26. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). To satisfy this burden, a defendant may rely on a "chain of reasoning" that is based on "reasonable" assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015). "An assumption may be reasonable if it is founded on the allegations of the complaint." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("[I]n *Arias* we held that a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements.") (internal quotation marks and citations omitted). That is because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis*, 627 F.3d at 400. "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87.

27. To determine whether the amount in controversy requirement is satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the

plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). The focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Bos. Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

28. Here, Plaintiffs seek actual compensatory damages, general damages, special damages, consequential damages, expectation damages for denied policy benefits, and actual and incidental expenses already incurred and to be incurred, and attorney fees. Compl, Prayer for Relief at 3-8. For the purposes of meeting the jurisdictional requirements of removal only, multiplying even a relatively minimal damages award by the thousands of potential consumers in the putative class places far more than $5 million in controversy.

29. Plaintiffs seek to recover all ticket prices that were not refunded to invitees and attendees of the Practice 1 session. Compl. ¶ 20. Plaintiffs allege that more than 35,000 tickets were sold, ranging in price from a "few hundred to tens of thousands of dollars." *Id.* ¶ 11. Multiplying the low end of Plaintiffs' alleged ticket price (*i.e.*, $300) by the number of alleged attendees (*i.e.*, 35,000) results in alleged damages of $10.5 million. That sum, moreover, does not account for the additional "out-of-pocket expenses" that Plaintiffs seek to recover for "transportation, lodging, food, merchandise sales, transaction fees, and other such expenses." *Id.* ¶ 22.

30. Liberty and LVGP reserve the right to show that Plaintiffs' other claims and damage theories also place more than $5 million in controversy, should Plaintiffs challenge this removal requirement in a motion to remand.

31. For the foregoing reasons, this action meets the jurisdictional minimum amount in controversy. *See Ibarra v. Manheim Invs., Ins.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("'[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions.") (quoting *Dart Cherokee*, 574 U.S. at 89); *Arias*, 936 F.3d at 922 ("[T]he defendant's showing on the amount in controversy may rely

on reasonable assumptions."); *see also Lewis*, 627 F.3d at 401 ("[O]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." (citing *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).

## IV.     CONCLUSION

1. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

    (a)     This is a civil action that is a putative class action within the meaning of 28 U.S.C. § 1332(d)(1)(B);

    (b)     This action involves a putative class of more than 100 persons as required by 28 U.S.C. § 1332(d)(5)(B);

    (c)     The amount in controversy exceeds $5 million, exclusive of interests and costs as required by 28 U.S.C. § 1332(d)(2); and

    (d)     Members of the putative class are citizens of a state different from defendant as required by 28 U.S.C. § 1332(d)(2)(A).

Accordingly, removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

2. The United States District Court for the District of Nevada is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a) because it embraces the place where Plaintiff originally filed the case, in Clark County, Nevada. *See* 28 U.S.C. § 84(c); 28 U.S.C. § 1441(a).

3. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served on Liberty and LVGP are attached hereto and filed concurrently herewith. Upon filing the Notice of Removal, Liberty and LVGP will furnish written notice to Plaintiffs' counsel and will file and serve a copy of this Notice with the Clerk of the Eighth Judicial District Court in and for Clark County, Nevada, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Liberty and LVGP hereby remove the above action pending against them in the Eighth Judicial District Court for Clark County, Nevada.

DATED this 5th day of January, 2024.

                                        CAMPBELL & WILLIAMS

                                        By: /s/ *J. Colby Williams*
                                        J. COLBY WILLIAMS, ESQ. (5549)
                                        PHILIP R. ERWIN, ESQ. (11563)
                                        710 South Seventh Street
                                        Las Vegas, Nevada 89101

                                        O'MELVENY & MYERS LLP
                                        DAVID MARROSO (*pro hac vice forthcoming*)
                                        ESTEBAN RODRIGUEZ (*pro hac vice forthcoming)*
                                        1999 Avenue of the Stars, Eighth Floor
                                        Los Angeles, California 90067-6035

                                        *Attorneys for Defendants*
                                        *Liberty Media Corporation and*
                                        *Las Vegas Grand Prix, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of January, 2024, I caused a true and correct copy of the foregoing **Notice of Removal** to be served via first class mail, postage prepaid, and by email to the following:

IVIE McNEILL WYATT PURCELL & DIGGS
Cheryl H. Wilson, Esq.
cwilson@imwlaw.com
Victoria L. Hightower, Esq.
vhightower@imwlaw.com
7455 Arroyo Crossing, Suite 220
Las Vegas, NV 89113

IVIE McNEILL WYATT PURCELL & DIGGS
Rodney S. Diggs, Esq.
rdiggs@imwlaw.com
444 South Flower Street, 18th Floor
Los Angeles, CA 90071

*Attorneys for Plaintiffs*

                                        /s/ *Crystal B. Balaoro*
                                        An employee of Campbell & Williams

**INDEX**

| EXHIBIT NO. | DESCRIPTION | PAGES |
|---|---|---|
| - | Declaration of J. Colby Williams | 1-2 |
| A | Summons and Complaint served on Liberty Media Corporation | 3-18 |
| B | Summons and Complaint served on LVGP | 19-34 |
| C | State court filings (Plaintiffs' Initial Appearance Fee Disclosure, Affidavit of Service for Liberty Media Corp., Affidavit of Service for LVGP, Affidavit of Service for Tab Contractors, Inc.) | 35-39 |
| D | Nevada Secretary of State Business Entity Information for Tab Contractors, Inc. | 40-42 |
| - | Declaration of Craig Troyer | 43-45 |