# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| MATT RADDUE, *et al.*, | ) | Case No.: 2:23-cv-02124-GMN-NJK |
| Plaintiffs, | ) | |
| vs. | ) | |
| LIBERTY MEDIA CORPORATION, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |
| MARVIN CUTCHINS, *et al.*, | ) | Case No.: 2:24-cv-00048-GMN-EJY |
| Plaintiffs, | ) | |
| vs. | ) | |
| LIBERTY MEDIA CORPORATION, *et al.*, | ) | |
| Defendants. | ) | |

## Order Consolidating Actions

Each of the above-captioned plaintiffs, in a proposed class action, bring claims alleging that defendants failed in their duty to make a racetrack race ready for the "Practice Run" event at the 2023 Formula 1 Las Vegas Grand Prix, resulting in the event being delayed to the point that attendees were forced to leave before it resumed and did not receive a refund. (*See* First Am. Compl., ECF No. 1-4 in *Raddue et al. v. Liberty Media Corporation*, No. 2:23-cv-02124-GMN-NJK ("*Raddue* Action")); (Compl., ECF No. 1-3 in *Cutchins et al. v. Liberty Media Corporation*, No. 2:24-cv-00048-GMN-EJY ("*Cutchins* Action")).

The plaintiffs in the *Raddue* Action filed a Motion to Consolidate, arguing that consolidation is warranted because the two actions "are based on the same set of core factual

1   allegations and involve overlapping questions of law." [1]  (Mot. Consolidate 5:23–24, ECF No.

2   29 in No. 2:23-cv-02124-GMN-NJK).  The plaintiffs in the *Cutchins* Action argue

3   consolidation is not warranted because the cases concern different parties and causes of action,

4   and as a result, consolidation could "cause inconvenience, delay, confusion, and prejudice."

5   (Resp. Mot. Intervene 6:7–9, ECF No. 28 in No. 2:24-cv-00048-GMN-EJY).[2]

6        Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 42(a) governs the consolidation of

7   separate actions. When two cases "involve a common question of law or fact," district courts

8   may join them for any or all matters at issue, consolidate the suits, or issue any other order that

9   would prevent unnecessary cost or delay. *Id.*  "Consolidation requires only a common question

10  of law or fact; perfect identity between all claims in any two cases is not required; so long as

11  there is some commonality of issues." *Firefighters, Local 1908 v. Cnty. of Clark*, No. 2:12-cv-

12  00615, 2012 WL 1986590, at *2 (D. Nev. June 1, 2012).  Put differently, "[d]ifferences in

13  causes of action, defendants, or the class period do not render consolidation inappropriate if the

14  cases present sufficiently common questions of fact and law, and the differences do not

15  outweigh the interests of judicial economy served by consolidation." *Kaplan v. Gelfond*, 240

16  F.R.D. 88, 91 (S.D.N.Y. 2007).  "District courts enjoy substantial discretion in deciding

17  whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018)

18       Here, the two cases involve several shared questions of fact and law, namely whether

19  defendants failed to ensure the track was race-ready for the "Practice Run" event, that this

20

21

22  [1] Defendant Liberty Media Corporation does not oppose consolidation. (Resp. 3:5–6, ECF No. 32 in No. 2:23-cv-02124-GMN-NJK).

23  [2] Originally, the *Cutchins* Action plaintiffs also argued that consolidation is not warranted because the two lawsuits involved different parties. (*Id.* 6:8–10).  Specifically, the plaintiffs in the *Cutchins* Action named TAB Contractors, Inc. as a defendant, a party the plaintiffs in the *Raddue* Action originally included but later replaced

24  with LV Paving after additional investigation. (Mot. Consolidate 13:17–20 in No. 2:23-cv-02124-GMN-NJK).  However, the plaintiffs in the *Cutchin* Action have since filed a Notice of Voluntary Dismissal, explaining that

25  they "improperly named" Tab Contractors, Inc. as a defendant in their lawsuit. (Not. Voluntary Dismissal 2:3, ECF No. 31 in No. 2:24-cv-00048-GMN-EJY).  Accordingly, this argument is moot.  In any event, any difference in defendants does not outweigh the interests of judicial economy served by consolidation.

1  failure resulted in two racecars making contact with a dislodged manhole, that this contact

2  resulted in the race being halted and the event delayed, that attendees of the event were forced

3  to leave before the event resumed, and that defendants ultimately did not offer any refunds to

4  the attendees. (*Compare* First Am. Compl. ¶¶ 14, 17, 19, 21, 22–46 in No. 2:23-cv-02124-

5  GMN-NJK *with* Compl. ¶¶ 12, 14, 16–20, 24–44 in No. 2:24-cv-00048-GMN-EJY).  Based on

6  these allegations, both lawsuits allege claims for breach of contract, negligence, and Nevada's

7  Deceptive Trade Practices Act. (*See* First Am. Compl. ¶¶ 28–46 in No. 2:23-cv-02124-GMN-

8  NJK); (Compl. ¶¶ 27–58 in No. 2:24-cv-00048-GMN-EJY).

9       The difference between the two Actions is that the plaintiffs in the *Cutchins* Action

10  bring additional claims for negligent, hiring, training, and supervision, intentional

11  misrepresentation, negligent misrepresentation, and conversion. (Compl. ¶¶ 37–42, 49–71 in

12  No. 2:24-cv-00048-GMN-EJY).  However, a court's consolidation determination is not

13  reducible to how many claims are alleged.  Put differently, a court must ascertain whether the

14  additional claims, if any, arise from the same alleged misconduct as the shared claims and

15  implicate similar evidence. *See Alich v. Opendoor Tech. Inc.*, No. 22-cv-01717, 2023 WL

16  1472849, at *2 (D. Ariz. Feb. 2, 2023) ("While the complaint in the Related Action includes an

17  additional Securities Act claim, this does not preclude consolidation."); *Griffey v. Magellan*

18  *Health Inc.*, No. 20-cv-01282, 2020 WL 5981904, at *2 (D. Ariz. Oct. 8, 2020) (consolidating

19  cases where, having reviewed the factual allegations underlying the complaints, the court found

20  them to be "substantially identical, with the exception being [] two additional claims" raised in

21  one complaint); *Alvarez v. YRC Inc.*, No. 12-cv-01374, 2016 WL 11751961, at *4 (C.D. Cal.

22  Nov. 4, 2016) (same); *Berkowitz ex rel. Affymetrix, Inc. v. Fodor*, No. 06-cv-05353, 2006 WL

23  3365587, at *1 (N.D. Cal. Nov. 20, 2006) (same).  If they do, it is likely that the interests in

24  judicial economy will outweigh any marginal differences in the cause of actions alleged.

25       Here the additional claims in the *Cutchins* Action all derive from the same alleged

misconduct that forms the basis of the *Raddue* Action and implicates substantially similar evidence that underly the parties shared claims.  "Both cases are at the initial stages of litigation, and no prejudice will result from consolidation.  Moreover, consolidation will remove the need for duplication of labor that would otherwise result from having the cases continue separately." *Griffey*, 2020 WL 5981904, at \*2.  Accordingly, the difference in claims alleged does not outweigh the benefits posed by consolidation.[3]   Because the Court finds that consolidation is merited and will conserve judicial and litigation resources, it GRANTS the plaintiffs' Motion to Consolidate in the *Raddue* Action and consolidates these cases for all purposes under the *Raddue* Action as the earlier-filed action pursuant to Local Rule 42-1(b).[4] *See* Local Rule 42-1(b) (dictating that consolidated cases "will be transferred to the judge whom the earliest-filed action is assigned").

Additionally, the plaintiffs in the *Raddue* Action assert that the Court should appoint the laws firms representing them—Hagens Berman and Dimopoulos Law—as interim class counsel. (Mot. Consolidate 14:14–20:20 in No. 2:23-cv-02124-GMN-NJK).  The plaintiffs in the *Cutchins* Action oppose the appointment of interim class counsel, arguing "it is premature and unnecessary at this time." (Resp. Mot. Intervene 7:3–4 in No. 2:24-cv-00048-GMN-EJY).

Under Fed. R. Civ. P. 23(g)(3), the district court may appoint interim counsel to act on behalf of a putative class before determining whether to certify a class.  This rule "authorizes [a] court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class." *Azpeitia v. Tesoro Refining and Marketing Co. LLC*, No. 17-cv-00123-JST, 2017 WL 4071368, at \*1 (N.D. Cal. Sep. 14. 2017) (citation omitted).  The

---

[3] Furthermore, the difference in claims can be addressed by way of a consolidated complaint and does not pose a substantive impediment to consolidation. *Griffey*, 2020 WL 5981904, at \*1.

[4] In light of the Court's consolidation, it DENIES as moot the Motion to Intervene for Purposes of Requesting Consolidation filed by the Raddue Action plaintiffs in the Cutchin Action. (Mot. Intervene, ECF No. 19 in No. 2:24-cv-00048-GMN-EJY).

appointment of interim class counsel is discretionary and is particularly suited to complex actions:

> If the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary. If, however, there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. In such cases, designation of interim class counsel clarifies responsibility for protecting the interests of the class during precertification activities.

*In re Google Assistant Privacy Litig.*, No. 19-cv-04286-BLF, 2020 WL 7342713, at *1 (N.D. Cal. Dec. 14, 2020) (quoting MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.11).  The commentary to Rule 23 also notes that "[i]n some cases . . . there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate." Advisory Committee Note to Fed. R. Civ. P. 23 (discussing former subd. G(2)(A) now renumbered as (g)(3)).

This case does not warrant appointment of interim class counsel at this time.  First, there are no "overlapping, duplicative, or competing suits pending in other courts," MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.11, nor is there a "gaggle of law firms jockeying to be appointed class counsel." *Parrish v. Nat'l Football League*, No. 07-cv-00943, 2007 WL 1624601 (N.D. Cal. June 4, 2007).  Similarly, the potential for "tag-a-long lawsuits and competing firms in the future" does not justify appointing interim class counsel. *In re Seagate Tech. LLC Lit.,* No. 16-cv-00523, 2016 WL 3401989, at *4 (N.D. Cal. June 21, 2016).  Second, "[t]hat another set of law firms has filed a related action against [defendants] does not automatically create a 'rivalry or uncertainty between counsel as to who should be appointed lead counsel." *Dhruva v. CuriosityStream, Inc.*, No. 23-cv-2265, 2024 WL 712467, at *4 (D. Md. Feb. 21, 2024) (citation omitted).  Although the attorneys in the *Raddue* Action and *Cutchins* Action held differing views on whether consolidation was warranted, the Court finds

that this disagreement does not demonstrate that they are unable to cooperate and prioritize the interests of the class.  "The Court welcomes the parties' continued cooperation and 'does not wish to invite future parties to manufacture conflict in an attempt to get an early bite at the apple for motions for the appointment of lead plaintiff and selection of lead counsel."[5] *In re LinkedIn Advertising Metric Litigation*, No. 20-cv-008324, 2021 WL 1599289, at *2 (N.D. Cal. Apr. 23, 2021) (quoting *In re Google Assistant Privacy Litig.*, 2020 WL 7342713, at *2).

To recap, the Court finds consolidation is warranted because the *Raddue* Action and *Cutchins* Action share common questions of law and fact.  While the Court consolidates the two Actions, it does not find the appointment of interim class counsel is necessary at this time because there is no overlapping, duplicative, or competing suits pending and there is not a present threat of rivalry or uncertainty between the lawsuits which threatens the interests of the class.[6]

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Consolidate, ECF No. 29 in *Raddue et al. v. Liberty Media Corporation*, No. 2:23-cv-02124-GMN-NJK is **GRANTED**.

**IT IS FURTHER ORDERED** that *Raddue et al. v. Liberty Media Corporation*, No. 2:23-cv-02124-GMN-NJK and *Cutchins et al. v. Liberty Media Corporation*, No. 2:24-cv-00048-GMN-EJY are consolidated for all purposes under Case No. 2:23-cv-02124-GMN-NJK. The parties are directed to make all future filings in Case No. 2:23-cv-02124-GMN-NJK.  The Clerk of Court is kindly directed to administratively close No. 2:24-cv-00048-GMN-EJY.

**IT IS FURTHER ORDERED** that the Motion to Intervene, ECF No. 19 in No. 2:24-cv-0048-GMN-EJY is **DENIED as moot**.

---

[5] Because the Court does not find appointing interim class counsel necessary at this point, the Court does not reach the question of whether the Raddue Action attorneys meet the factors outlined in Rule 23(g)(1) of the Fed. R. Civ. P. *Gibson v. MGM Resorts Int'l*, No. 2:23-cv-00140, 2023 WL 4455726, at *2 (D. Nev. July 11, 2023).
[6] The Court will revisit this finding and entertain motions for appointment of interim class counsel should such issues arise.

1       **IT IS FURTHER ORDERED** that the parties shall have until May 24, 2024, to file a

2  consolidated complaint.

3       **DATED** this  _23_  day of April, 2024.

 

 

 

                                        _____

                                        Gloria M. Navarro, District Judge
United States District Court